# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA CEDILLO MARTINEZ, et al., <br> Plaintiffs, <br> vs. <br> ATTORNEY GENERAL JEFFERSON B. SESSIONS, III, et al., <br> Defendants. | CASE NO. 17cv1421-LAB (MDD) <br> **ORDER OF DISMISSAL** |

After living in the country illegally for ten years, Teresa Cedillo traveled to Mexico to escort her sick father back to the United States. When she attempted to reenter illegally, the Department of Homeland Security stopped her and ordered her expedited removal. Cedillo sneaked back in ostensibly because she needed to care for her father and her children—all U.S. citizens. When she applied for status adjustment ten years later, Homeland Security denied her application, reinstated her removal order, but granted her deferred action for two years.

After twice deferring Cedillo's deportation, Homeland Security denied Cedillo deferred action last year. She and her family then filed this case. Her complaint challenges the decision by Homeland Security to reinstate her removal, and to deny her deferred action. The linchpin of her argument is this: her reentry was legally justified by necessity. She wants the Court to make a finding to that effect, which would vitiate the reinstated removal order and deferred action decision. Because the Court lacks jurisdiction to review these decisions, and the complaint fails to state a plausible claim for relief, it must be dismissed.

- 1 -

## I. Reinstatement of Removal

Cedillo alleges Homeland Security violated her procedural due process rights in the course of reinstating her removal and denying her adjustment application. She asks the Court to invalidate the reinstatement order, and refer her case to an immigration judge to reconsider her status adjustment based on her necessity defense. The Court declines because Cedillo hasn't shown she's entitled to an order granting either of her requests.

### A. Removal Orders

Cedillo maintains the Court has jurisdiction to consider her claim because she's not asking for review of her removal orders—instead, she wants her 2003 illegal reentry declared legally justified by necessity. But that requires the Court to review the circumstances underlying her 15-year-old expedited removal order. That's not allowed: "no court shall have jurisdiction to review" "any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation" of an expedited removal order. 8 U.S.C. § 1252(a)(2)(A)(i) and (e)(5); § 1231(a)(5); *see Garcia de Rincon v. Dep't of Homeland*, 539 F.3d 1133 (9th Cir. 2008) (no jurisdiction where Homeland Security denied adjustment and reinstated expedited removal order after mother with citizen children illegally reentered following visit to sick parent in Mexico).

Even if the Court had jurisdiction, Cedillo hasn't stated a claim for relief. For example, Cedillo hasn't offered plausible allegations she had "no other legal alternatives to violating the law" when she reentered illegally. *United States v. Arellano-Rivera*, 244 F.3d 1119, 1126 (9th Cir. 2001). The Court doesn't doubt Cedillo's compelling motivation to leave the United States to rescue her father in Mexico, then to reenter this country to care for him and her children. But a necessity defense requires an imposing burden: Cedillo must demonstrate that she had no other legal option. She hasn't met that burden.

### B. Adjustment of Status

To the extent Cedillo is challenging the denial of her adjustment application, the Court lacks jurisdiction to review it. 8 U.S.C. § 1252(a)(2)(B); *see Hassan v. Chertoff,* 593 F.3d 785 (9th Cir. 2010). But even assuming there was jurisdiction, there's only one clear due

process allegation in the complaint: Homeland Security reinstated Cedillo's removal before her adjustment application denial was final. She says this violated "her right to renew her application in proceedings under 8 C.F.R part 240" by going to immigration court. 8 C.F.R. § 245.2(a)(5)(ii). But the last sentence of that regulation states: "Nothing in this section shall entitle an alien to proceedings under section 240 of the Act who is not otherwise so entitled." *Id.* Cedillo isn't so entitled because she's subject to an expedited removal order—that means she has no right to a hearing before an immigration judge. 8 U.S.C. §1231(a)(5); *see Padilla v. Ashcroft*, 334 F.3d 921 (9th Cir. 2003).[1]

What's more, it's not good enough to point to a procedural violation—Cedillo must show how that violation prejudiced her. *Id.* at 925. She hasn't show this. And it's difficult to see how she could: she's not entitled to status adjustment under § 1255(i)—despite her approved visa petition—because she reentered the United States after Homeland Security ordered her expedited removal. 8 U.S.C. § 1182(a)(9)(C); *In Re Briones*, 24 I. & N. Dec. 355, 371 (BIA 2007); *Garfias-Rodriguez v. Holder*, 702 F.3d 504 (9th Cir. 2012) (denying adjustment to alien who left to care for sick parent in Mexico).

## II. Deferred Action

Cedillo attempts to attack Executive Order 13768, but the Court construes her complaint as challenging Homeland Security's decision to deny her request for deferred action. In other words, the relief here ultimately asks the Court to review Homeland Security's discretionary decision to execute the removal orders against Cedillo. This type of challenge isn't allowed: "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to" "execute removal orders against any alien." 8 U.S.C. § 1252(g)*; see Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 (1999) ("Section 1252(g) seems clearly designed to give some measure of protection to 'no deferred action' decisions and similar discretionary determinations"); *Fabian-Lopez v. Holder*, 540 F. App'x 760, 761 n.2 (9th Cir.

---

[1] Cedillo's opposition raises several other theories for procedural violations. Since they're not in the complaint, the Court doesn't consider them.

2013). To the extent Cedillo is requesting deferred action under DAPA, that program was enjoined by the Fifth Circuit which found DAPA unconstitutional. *See Texas v. United States*, 809 F.3d 134 (5th Cir. 2015). The Court agrees with that finding and therefore will not rely on provisions of that unconstitutional executive order.

Cedillo argues the new Executive Order "transformed denial of her Deferred Action extension request from an unreviewable discretionary act to a reviewable ministerial act." But she doesn't offer any plausible allegations or authority for this interpretation, and the Court finds none in the plain wording of the Executive Order. While Homeland Security is "expected to exercise discretion in a judicious manner at all stages of the enforcement process," Cedillo hasn't offered authority suggesting this Court can second-guess whether it did. *Villa-Anguiano v. Holder*, 727 F.3d 873, 878 (9th Cir. 2013). Even if the Court had jurisdiction to review Homeland Security's decision, Cedillo's complaint fails to offer plausible allegations to support her causes of action for violations of the INA and APA. She likewise fails to offer any argument in opposition on the various problems Defendants pointed out with these causes of actions in their motion to dismiss.

**Disposition**

Cedillo's action is dismissed without prejudice. Fed. R. Civ. P. 12(b)(1) and (6). If she thinks she can fix her complaint, she may file a motion for leave to amend by June 1, 2018. Defendants must file an opposition within two weeks of her motion. The Court will decide the motion on the papers. If Cedillo doesn't file anything, the Court will dismiss her case with prejudice.

**IT IS SO ORDERED**.

Dated: April 13, 2018

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge