# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA CEDILLO MARTINEZ, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ATTORNEY GENERAL JEFFERSON B. SESSIONS, III, et al., <br><br> Defendants. | CASE NO. 17cv1421-LAB (MDD) <br><br> **ORDER DENYING LEAVE TO AMEND [Dkt. 13];** <br><br> **ORDER DISMISSING CASE WITH PREJUDICE** |

This Court previously dismissed Plaintiff Teresa Cedillo's Complaint, finding that the Court lacked jurisdiction to review the immigration decisions she challenges. Dkt. 12. The Court told Cedillo that if she believed she could fix the deficiencies identified, she could file a motion for leave to amend, which she has now done. Dkt. 13. Because the Court finds that her proposed amendment would be futile, her motion is denied and the case is dismissed with prejudice.

Leave to amend is granted liberally, but not automatically. *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013). When considering a motion for leave to amend, a district court must consider whether amendment would be futile. *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 701 (9th Cir. 2011). An amendment is considered futile when it would not survive a motion to dismiss. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

- 1 -

The underlying facts are not in dispute: After living in the country illegally for ten years, Cedillo traveled to Mexico to escort her sick father back to the United States. When she attempted to reenter illegally, the Department of Homeland Security stopped her and ordered her expedited removal. Cedillo reentered ostensibly because she needed to care for her father and her children—all U.S. citizens. When she applied for status adjustment ten years later, Homeland Security denied her application, reinstated her removal order, but granted her deferred action for two years. After a series of deferrals, Homeland Security ultimately denied Cedillo further deferred action and reinstated her removal. Cedillo then brought this suit to block that removal.

In her First Amended Complaint, Cedillo pares down her claims to just two. First, she argues Defendants have deprived her of her Fifth Amendment Due Process rights because they have "deprived [her] of the opportunity to present her case effectively" by not permitting her to proceed to immigration court to seek cancellation of removal or to renew her application for adjustment of status. Dkt. 13-1 at ¶81. Second, she pleads a violation of the Administrative Procedures Act, alleging that the decision by USCIS to deny her application for adjustment and motion to reconsider were an abuse of discretion.

The Court is not unsympathetic to Cedillo's situation, but for the same reasons articulated when the Court granted Defendants' previous motion to dismiss, the Court is without jurisdiction to grant the relief she seeks. *See* 8 U.S.C. § 1252(a)(2)(A)(i) and (e)(5); § 1231(a)(5); Dkt. 12. In her reply, Plaintiff essentially concedes that the jurisdictional bars apply, but argues that these bars do not preclude this Court from making a finding of "necessity" that might permit her to seek a status adjustment. She is incorrect. Making a finding of necessity requires the court to review the circumstances underlying her 15-year-old expedited removal order. The Court is prohibited from conducting this inquiry by 8 U.S.C. § 1252(a)(2)(A), which affirmatively strips this Court of jurisdiction to review expedited removal determinations. The limited exceptions provided in § 1252(e) do not include the ability for the Court to second guess whether proper procedures were followed or whether the alien is entitled to relief from removal.

8 U.S.C. § 1252(e)(5) ("There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal."); *see also Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138-39 (9th Cir. 2008) (no jurisdiction where Homeland Security denied adjustment and reinstated expedited removal order after mother with citizen children illegally reentered following visit to sick parent in Mexico).

Even assuming this Court had jurisdiction to hear Cedillo's claims under § 1252 (it does not), her claims would barred under 8 U.S.C. § 1252(g). That statute strips federal courts of subject-matter jurisdiction over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien." All of Plaintiff's claims arise from discretionary removal actions by the Attorney General, which § 1252(g) specifically precludes this Court from considering.

For these reasons and the reasons set out in the Court's previous Order, Plaintiff's Motion for Leave to Amend is **DENIED** as futile. Dkt. 13. Given that her claims cannot be saved through amendment, this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: September 24, 2018

**HONORABLE LARRY ALAN BURNS**
United States District Judge